# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, ex rel. <br> Attorney General CHRIS KOSTER, <br><br> Plaintiffs, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC. <br> d/b/a CHARTER COMMUNICATIONS, <br><br> Defendant. | No. 4:15-CV-1593 RLW |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant Charter's Partial Motion to Dismiss (ECF No. 9) and Plaintiff's Motion to Strike Defendant's Affirmative Defenses (ECF No. 19). These matters are fully briefed and ready for disposition.

## BACKGROUND[1]

Plaintiff the State of Missouri, at the relation of Missouri Attorney General Chris Koster, filed claims against Defendant Charter Communications, Inc. ("Charter") pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Telemarketing Sales Rule, 16 C.F.R. Part 310 (the "TSR"), the Missouri No-Call Law, Mo. Rev. Stat. §§407.1090, R.S.Mo., *et seq.*, and the Missouri Telemarketing Practices Law, Mo. Rev. Stat. §§407.1070, R.S.Mo., *et seq.* (Complaint for Civil Penalties, Permanent Injunctions, and Other Equitable Relief ("Complaint" or "Compl."), ECF No. 1, ¶1).

---

[1] When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## I. Motion to Dismiss

### A. Standard of Review

In ruling on a motion to dismiss or a motion for judgment on the pleadings, the Court must view the allegations in the complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

### B. Discussion

#### 1. Count I

Defendant moves to dismiss Count I because the Complaint does not allege sufficient facts to result in liability under 16 C.F. R. §310.4(b)(1)(iii)(B), namely that (1) a person was on the no-call list; and (2) the person received a telemarketing call when on the no-call list. (ECF No. 9, ¶3). Charter asserts that Plaintiff alleges a claim under 16 C.F.R. §310.4(b)(1)(iii)(B) because subsection 310.4(b)(1)(iii)(B) does not prohibit telemarketing calls made to persons who have

not registered for the federal no-call registry. (ECF No. 10 at 4). Charter maintains that Plaintiff has not pleaded a section (b)(1)(iii)(B) claim because the Complaint does not allege that a single identified person was on the federal no-call list and that they received a call while on the list. Charter states that the four individuals that Plaintiff uses as examples to support all the factual allegations asserted by his claims are not alleged to have a telephone number registered on the federal or Missouri no-call lists. (ECF No. 10 at 4 (citing Compl., ¶¶51a-51d)). Charter further argues that Plaintiff has generally alleged that Charter called "many customers," which does not give Charter fair notice of Plaintiff's claims. (ECF No. 10 at 4-5). Charter states that, at a minimum, Plaintiff must allege who was called. (ECF No. 18 at 2-3). Charter provides that the Complaint is merely conclusory and does not provide it with proper notice, particularly "Charter cannot determine whether the call actually occurred or whether one of the many exceptions to the general prohibition contained in the TSR apply." (ECF No. 10 at 5). Finally, Charter maintains that Plaintiff cannot rely on the list of consumer complaints because they are matters outside the pleadings. (ECF No. 18 at 5).

In response, Plaintiff contends that he has alleged the elements that Charter asserts are insufficient. First, Plaintiff alleged, "Many of the Missouri consumers who received calls from Charter on the Missouri Do-Not-Call List and/or the Federal Do-Not-Call List." (ECF No. 15 at 5 (citing Compl., ¶49)). The Complaint also alleges "In at least hundreds of instances, in connection with telemarketing, Charter initiated or caused others to initiate outbound telephone calls to customers' telephone numbers on the Federal Do-Not-Call registry, in violation of the TSR, 16 C.F.R. §310.4(b)(1)(iii)(B)." (ECF No. 15 at 5 (citing Compl., ¶55)). Plaintiff asserts that he has received 350 complaints regarding Charter's telemarketing practices. (ECF No. 15 at 5-6). Plaintiff claims that to enumerate all 350 complaints would go beyond the Rule 8

requirement of a "short and plain statement of the claim showing that he pleader is entitled to relief." (ECF No. 15 at 5-6 (citing Fed. R. Civ. P. 8(a)(2)). Plaintiff further maintains that courts have held that a plaintiff need not allege that Charter made a call on a date certain to a specific number on the no-call list to prove adequate notice to a TCPA defendant. (ECF No. 15 at 6-7 (citing cases)). Plaintiff states that he provided Charter with complaints filed against it from January 11, 2013 through January 14, 2015, in the process of the investigation that preceded this lawsuit and, during discovery, Plaintiff will provide all remaining consumer complaints filed during the relevant time period. (ECF No. 15 at 7). Therefore, Plaintiff asserts that he has adequately pleaded Count I.

The Court holds that, in a case such as this, which alleges hundreds of violations, Plaintiff's allegations of four representative consumer complaints are sufficient to allege a claim. The majority of district courts "do not require such detail at the pleading stage in order to provide adequate notice to a TCPA defendant." *Ott v. Mortgage Inv'rs Corp. of Ohio*, 65 F. Supp. 3d 1046, 1059 (D. Or. 2014); *Robinson v. Midland Funding, LLC*, No. 10CV2261 MMA AJB, 2011 WL 1434919, at *3 (S.D. Cal. Apr. 13, 2011) (federal "notice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context" of every telephone call). Here, Plaintiff has made sufficient factual allegations regarding Defendant's calls in violation of the TCPA to survive a motion to dismiss. "[I]f there is a question about the phone number at issue, it can be addressed through discovery." *Jackson v. HSBC Mortg. Servs., Inc.*, No. 2:14–CV–1240–RDP, 2014 WL 5100089, at *4 (N.D. Ala. Oct. 10, 2014); *see also Sprogis v. Suntrust Bank*, No. 6:13–CV–365–Orl–37, 2013 WL 2456090, at *2 (M.D. Fla. June 6, 2013) (information such as the frequency of the calls, the date of the class, and the telephone number from which the call were received "is more likely to be in Defendant's records and accessible

through discovery"); *Ott*, 65 F. Supp. 3d at 1060.   Therefore, the Court denies Charter's motion to dismiss as to Count I.

### 2. Count II

Charter moves to dismiss Count II because the Complaint does not allege sufficient facts to support a claim under the TCPA because the Attorney General does not allege that Charter used an autodialer to call a cell phone. (ECF No. 9, ¶4).  Charter claims that "Count II misses an essential element of the TCPA—that the calls at issue were made to [a] cellular phone, and not a land line." (ECF No. 10 at 6).  Charter asserts that the TCPA only prohibits the use of an autodialer when contacting a cellular phone, not to initiate a call to a residence.  (ECF No. 10 at 6). Charter states that to state a claim under the TCPA autodialer provision, a Plaintiff must show that Charter (1) "called a number," (2) "assigned to a cellular telephone service," (3) "using an automatic dialing system or prerecorded voice." (ECF No. 10 at 6 (citing *De Los Santos v. Millward Brown, Inc.*, No. 13-80670-CV, 2014 WL 2938605, at *3 (S.D. Fla. June 30, 2014) (quoting *Breslow v. Wells Fargo Bank, N.A.*, 857 F.Supp.2d 1316, 1319 (S.D. Fla. 2012)). Charter asserts that Plaintiff's Complaint erroneously alleges that the relevant statutory section prohibits telemarketing calls to cellular phones "as well as" the use of an autodialer. (ECF No. 10 at 7 (citing Compl., ¶20)).  Charter asserts that the statute precludes using either an autodialer or robocalls to make certain types of calls to cell phones, but telemarketers may use an autodialer to call residential numbers.  (ECF No. 10 at 6-7 (citing 47 U.S.C. §227(b)(1)(A)(iii) and §227(b)(1)(B)).  Accordingly, Charter asserts that Count II should be dismissed.

In response, Plaintiff contends that the Complaint alleges that Charter used an automatic telephone dialing system capable of, *inter alia*, the following: (a) generating numbers from calling lists and dialing them without human intervention; (b) storing numbers and dialing those

numbers from a database of numbers; (c) storing numbers and dialing those numbers at random; and (d) storing numbers and dialing those numbers sequentially. (ECF No. 15 at 8-9 (citing Compl., ¶64)). Plaintiff states that he has alleged the factual basis required to state a violation of the TCPA. Plaintiff asserts that he need only to allege that Charter used an autodialer. (ECF No. 15 at 1-11 (citing *Buslepp v. B & B Entm't, LLC*, No. 12-60089-CIV, 2012 WL 1571410, at *1 (S.D. Fla. May 3, 2012)). Plaintiff also contends that the issue of whether the calls were made to a cellular telephone is factual in nature, and that these facts are not required to be pleaded in the complaint. (ECF No. 15 at 11 (citing *Buslepp*, 2012 WL 1571410, at *2)).

The Court agrees that the plain language of the TCPA only prohibits the use of an autodialer when contacting a cellular phone. *See* 47 U.S.C. §227(b)(1)(A)(iii) ("It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States."). Therefore, the Court grants Defendant's Motion to Dismiss as to Count II. Count II is dismissed without prejudice.

### 3. Count III

In Count III, Plaintiff alleges a claim under Missouri's no-call law. The Missouri no-call law provides:

> No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of such subscriber's objection to receiving telephone solicitations.

Mo. Rev. Stat. §407.1098.1.

Charter moves to dismiss Count III because the Complaint does not allege sufficient facts to support a claim under the Missouri No-Call Law, namely that (1) a person was on the Missouri No-Call List and (2) received a telemarketing call while on the list. (Compl., ¶5). Charter asserts that the "timing of the calls is an essential element because the Missouri no-call statute contains exceptions for calls made to persons with whom the caller—or in this case, the person on whose behalf the call was allegedly made—had a previous or existing business relationship or who gave permission for the call." (ECF No. 10 at 8 (citing R.S. Mo. §407.1095(3)(a) and (b)). Charter notes that the Complaint says nothing about the timing of the calls or any specificity regarding when calls were made or who they were made to. (ECF No. 10 at 8). Further, none of the four complainants identified in the Complaint are alleged to have been on the Missouri no call list. (ECF No. 10 at 8). Charter notes that Plaintiff cannot even name one person who received a call from Charter while he or she was on the Missouri No-Call list. (ECF No. 18 at 12). Likewise, Charter states that three of those complainants were Charter customers, making calls to them permissible under the Missouri no-call law. (ECF No. 10 at 8-9 (citing R.S. Mo. §407.1095(3)(a) and (b)). In sum, Charter states that Plaintiff's failure to plead essential elements of his claims demonstrates that his due diligence would have revealed insufficient evidence to file a claim. (ECF No. 10 at 9).

Plaintiff asserts that the Complaint sets forth factual allegations that Charter's telemarketers "have made at least thousands of telemarketing calls across Missouri attempting to sell Charter's cable, internet, and/or telephone services." (ECF No. 15 at 12 (citing Compl., ¶48)). The Complaint further states that "[m]any of the Missouri consumers who received calls from Charter on the Missouri Do-Not-Call List and/or the Federal Do-Not-Call List." (ECF No. 15 at 12 (citing Compl., ¶49)). The Complaint further alleges:

> Of the consumers on the Missouri Do-Not-Call and/or Federal Do-Not-Call List who received telemarketing calls from Charter or Charter's Telemarketers, many are not current or former customers of Charter, have no business relationship with Charter, and had not given Charter permission to make telemarketing calls to their phone lines.

(ECF No. 15 at 12-13 (citing Compl., ¶50)). Plaintiff emphasizes that he has alleged that Charter violated Missouri's No-Call statute in that it knowingly made or chased to be made telephone solicitations to the telephone lines of residential subscribers in the State of Missouri who have given notice to the Missouri Attorney General of the subscribers' objections to receiving telephone solicitations and were place on Missouri's Telemarketing No-Call List. (ECF No. 15 at 13 (citing Compl., ¶73)). Plaintiff contends that specific phone numbers were not required at this stage of the pleading and the Complaint sufficiently places Charter on notice of its violation of the Missouri No-Call law. (ECF No. 15 at 13).

As with Count I, the Court agrees that Plaintiff sufficiently alleges a claim under the Missouri No-Call list. The Court holds that identification of each specific telephone number called is not required at this stage of the litigation. Plaintiff has provided four representative complainants, which provide Charter with sufficient notice regarding Plaintiff's claims. Discovery regarding these and the rest of the complainants can be conducted to discern the additional information to litigate this case.

## II.  Motion to Strike Affirmative Defenses

### A. Standard of Review

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[2] Fed. R. Civ. P. 12(f). "Parties

---

[2] "These terms have precise meanings under this rule. For example, redundant refers to statements wholly foreign to the issue or that are needlessly repetitive of immaterial allegations. ... Immaterial claims are those lacking essential or important relationships to the claim for relief. ...

filing a motion to strike under Fed. R. Civ. P. 12(f) bear the burden of providing the Court any reason why this language is immaterial, impertinent, or scandalous." *Simms v. Chase Student Loan Servicing, LLC*, No. 4:08CV01480 ERW, 2009 WL 943552, at *2 (E.D. Mo. Apr. 6, 2009)(internal citation omitted). "Although the Court enjoys 'broad discretion' in determining whether to strike a party's pleadings, such an action is 'an extreme measure.'" *Airstructures Worldwide, Ltd. v. Air Structures Am. Technologies, Inc.*, No. 4:09CV10 CDP, 2009 WL 792542, at *1 (E.D. Mo. Mar. 23, 2009)(quoting *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000)).

"A motion to strike should 'be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear.'" *Bartoe v. Missouri Barge Line Co.*, No. 1:07CV165RWS, 2009 WL 1118816, at *1 (E.D. Mo. Apr. 24, 2009) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)). "'Motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" *Champion Bank v. Reg'l Dev., LLC*, No. 4:08CV1807 CDP, 2009 WL 1351122, at *4 (E.D. Mo. May 13, 2009)(quoting *Lunsford*, 570 F.2d at 229). Motions to strike affirmative defenses "should not be granted 'unless, as a matter of law, the defense cannot succeed under any circumstances.'" *Champion Bank*, 2009 WL 1351122, at *4 (quoting *FDIC v. Coble*, 720 F. Supp. 748, 750 (E.D. Mo. 1989); *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 737 (N.D. Ill. 1982) ("Matters labeled affirmative defenses should be stricken only where it is completely certain they have been mistitled.").

The Eighth Circuit has also addressed the pleading standard for affirmative defenses:

---

Impertinent claims are those that do not pertain to the issues in question." *Simms v. Chase Student Loan Servicing, LLC*, No. 4:08CV01480, 2009 U.S. Dist. LEXIS 28977, at *5, n. 3 (E.D. Mo. Apr. 6, 2009) (internal quotations and citations omitted).

- 9 -

Federal Rule 8(c) governs the pleading of affirmative defenses and requires a party to "affirmatively state any avoidance or affirmative defense, including [listing several affirmative defenses]." Federal Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Further, "[p]leadings must be construed so as to do justice." Fed.R.Civ.P. 8(e).

> As numerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense. The only exceptions are the defenses that fall within the special pleading provisions in Rule 9, especially Rule 9(b), which deals with fraud, mistake, and condition of the mind, or the terms of a federal statute.

5 Charles Alan Wright et al., *Federal Practice & Procedure* § 1274 (3d ed. Westlaw 2013) (footnotes omitted). The Eighth Circuit Court of Appeals agrees. "The rules do not require a party to plead every step of legal reasoning that may be raised in support of its affirmative defense; they only require a defendant to state in short and plain terms its defenses to a plaintiff's claims. See F.R. Civ. P. 8(c)." *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 737 (8th Cir.1997). "While [an affirmative] defense must be asserted in a responsive pleading, it need not be articulated with any rigorous degree of specificity, and is sufficiently raised for purposes of Rule 8 by its *bare assertion.*" *Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 361 (8th Cir.1997) (finding statute-of-limitations affirmative defense to be sufficiently raised under Federal Rule 8(c), even though specific statute not cited) (internal quotation marks, some alterations, and citations omitted); *see also Holway v. Negro Leagues Baseball Museum,* 263 Fed.Appx. 538, 539 (8th Cir.2008) (statute-of-limitations affirmative defense not waived by failure to cite specific statute in answer).

*Strauss v. Centennial Precious Metals, Inc.*, 291 F.R.D. 338, 341 (D. Neb. 2013).

### B. Discussion

Charter's twelfth affirmative defense states that Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, unclean hands, and waiver. Plaintiff claims that Charter's twelfth affirmative defense fails because it is presented in a conclusory fashion without any factual basis and because the specific defense of unclean hands is not applicable here. (ECF No. 20 at 5). Plaintiff states that Charter has not alleged any egregious misconduct by the Attorney General's Office, or any resulting prejudice rising to the constitutional level. (ECF No. 20 at 6).

The fourteenth affirmative defense states "[t]he Attorney General has failed to join necessary and indispensable parties to this action." Plaintiff asserts that this affirmative defense should be stricken because Charter failed to name or describe the indispensable party and to set forth any facts that support this defense. (ECF No. 20 at 6).

Charter relies on a previous lawsuit to assert the affirmative defenses of equitable estoppel (fifteenth affirmative defense), unclean hands (sixteenth affirmative defense), laches (seventeenth affirmative defense), and failure to comply with a prior agreement (eighteenth affirmative defense). Plaintiff contends that these defenses are improper because they center on a prior Assurance of Voluntary Compliance, which was entered with different Charter entities than Defendant in this matter and Plaintiff has not pleaded violations specific to the 2005 AVC in the Complaint in this lawsuit. (ECF No. 20 at 6). Likewise, Plaintiff contends that Charter has not alleged any misconduct on Plaintiff's behalf to warrant these defenses. (ECF No. 20 at 6-9).

The Eighth Circuit Court of Appeals has made it clear that affirmative defenses "need not be articulated with any rigorous degree of specificity" and are "sufficiently raised for purposes of Rule 8 by its *bare assertion.*" *Zotos*, 121 F.3d at 361. Charter's affirmative defenses have sufficiently put Plaintiff on notice of its bases for its affirmative defenses. Being properly on notice, Plaintiff can explore the bases for Charter's defenses during discovery. Plaintiff's motion to strike Affirmative Defenses will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Charter's Partial Motion to Dismiss (ECF No. 9) is **GRANTED**, in part, and **DENIED**, in part. Count II is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant's Affirmative Defenses (ECF No. 19) is **DENIED**.

Dated this 21st day of April, 2016.

/s/ Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**